

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 3 1 2014

JAMES N. HATTEN, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JASON LYTLE

    Plaintiff,

vs.

KING'S CONSTRUCTION COMPANY, INC. and
DAVID KING, individually

    Defendants.

    **Civil Action Number:**

## 1:14-CV-0288

## SCJ

### COMPLAINT

COMES NOW Plaintiff Jason Lytle (hereinafter sometimes "Plaintiff"), and file this lawsuit against Defendants King's Construction Company, Inc. and David King (hereinafter sometimes "Defendants and/or King's Construction Company"), and show the following :

### I.   NATURE OF COMPLAINT

1 .   Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein .

2.   This action seeks declaratory and injunctive relief, liquidated and actual damages for Defendants' failure to pay federally mandated regular wages and overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. (hereinafter "FLSA") during the periods of Plaintiff's employment with Defendants .

3.   Plaintiff seeks to have appropriate payroll taxes to be paid including federal and state withholding (FIT and FICA), and social security.

## II.   JURISDICTION AND VENUE

4 .    The jurisdiction of this Court is invoked pursuant to 28 U .S .C. §§ 1331,1337, 1367 and 29 U .S .C . § 216(b).

5 .    King's Construction Company, Inc. is a Corporation doing business in the State of Georgia, and the unlawful employment practices described herein occurred at 2175 Black Shoals Road, Conyers, Georgia.  Defendant David King is a resident of this judicial district who also resides at 2175 Black Shoals Road, Conyers, Georgia and is listed as the Registered Agent for King's Construction Company, Inc.. Accordingly, venue in this Court is proper pursuant to 28 U.S.C § 1391(b)(2 ).

## III.   PARTIES AND FACTS

6 .    Plaintiff is a resident of the State of Georgia and an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) and was employed by King's Construction Company, Inc.. The plaintiff performed non-exempt labor for the Defendants during his period of employment at a normal hourly rate of $15.00 per hour and overtime rate of $22.50.

7.    Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 U .S.C. §207 when he worked over forty (40) hours in a work week.  Additionally, plaintiff did not receive his regular rate of pay for work week August 30, 2013 ending on September 5, 2013 and was not paid for his final two days wages September 6, 2013 or September 7, 2013 for a total of 46.50 hours and overtime exceeding 26.50 hours.

8.    King's Construction Company, Inc. is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year. Defendant David King is the CEO,and CFO of the corporation. As such David King controlled the day to day operations and

was aware that Lytle was working overtime, and therefore is an employer for purposes of FLSA liability.

9.      Defendants are "employers" within the definition of FLSA §3(d), 29 U.S .C. §203(e) and governed by and subject to FLSA §7, 29 U .S .C . §204 and §207.

## INTRODUCTION

10.     Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), hereinafter "the FLSA") to (1) receive minimum wage for work weeks in which the employer "King" failed to pay him for wages worked and additional like amount as liquidated damages; (2) recover overtime pay that was denied him and an additional amount as liquidated damages; and (3) for his costs of litigation.

11.     In addition to his federal causes of action, Plaintiff asserts pendent state law claims, which arise out of the same set of operating facts as his federal claims.  These are (1) quantum meruit and (3) promissory estoppel.

## UNDISPUTED FACTS

12.     Plaintiff, Jason Lytle responded to an internet advertisement for a Carpenter position. Submitted an email along with his resume and was contacted by Defendant, David King of King's Construction Company to interview for the position.  Plaintiff, Jason Lytle met with Defendant, David King on August 17, 2013 and was hired by David King at an hourly rate of $15.00 plus overtime as a carpenter and was instructed to report to work at 2175 Black Shoals Road, Conyers, Georgia on Sunday, August 18, 2013.

13      Plaintiff, Jason Lytle reported for work on August 18, 2013 and began working for Defendant King's Construction Company.  The procedure was to meet at Defendant, David

King's home located at 2175 Black Shoals Road, Conyers, Georgia, assemble the materials for the job that day, along with other workers, travel to and from Defendan  King's home in Defendant King's vehicle to various work-site projects.   The work consisted of remodeling offices and facilities for various concrete companies in Georgia, South Carolina and Alabama. Defendant King's Construction Company initially promptly paid Jason Lytle for hourly work performed with a company check.

14.      Jason Lytle traveled to Alabama with David King and two other workers Chad and James and his final day of work was September 7, 2013 where he was fired by David King after completion of work that day.   Jason Lytle was not paid for his work from August 30, 2013 through September 7, 2013 including regular pay and overtime worked. In fact, King's Construction Company failed to pay Plaintiff's final wages in addition to the failure to pay any overtime pay to Jason Lytle during the entire duration of his work with King's Construction Company.

15. Plaintiff Jason Lytle was not a subcontractor as King's Construction Company claims, King and King alone was responsible for instructions for each and every job, setting the hours for the work performed, providing the materials and tools for the work performed and for making the profit and loss on each job performed.   King's Construction Company cannot meet the defined terms of independent contractor vs. employee as established by the Internal Revenue Service or the United States Department of Labor.

### Count I - Violation of the minimum wage and overtime wage requirement of the Fair Labor Standards Act .

16.      Plaintiff realleges and incorporate herein all preceding paragraphs of this Complaint.

17.     Defendants have violated FLSA §7, 29 U .S .C . §207, by failing to pay regular and overtime wages for time that the Lytle worked in excess of forty (40) hours in a work week during his periods of employment with Defendants .

18 .    Pursuant to FLSA § 16, 29 U .S .C. §216, Plaintiff brings this lawsuit to recover his regular and overtime wage differential, loss of personal equipment namely on pair of gel knee pads, liquidated damages in an equal amount, and the costs of this litigation.  Plaintiff Lytle worked for Defendants from August 18, 2013 through September 7, 2013, six to seven days per week every week at a regular hourly rate of $15.00 per hour, logging well over 26.50 hours of overtime which he was uncompensated for at time and one half.  And logging 46.50 hours at regular time which he has not been compensated for. (See Exhibit 1)

19.     During the periods of Plaintiff's employment Defendants knowingly, intentionally and willfully violated the FLSA by failing to pay Plaintiff the overtime compensation to which he wase entitled .

20.     During the periods of Plaintiff's employment Defendants "knew or showed reckless disregard" that their conduct violated overtime laws under the FLSA[1].

21.     During the periods of Plaintiffs' employment Defendants failed to act in good faith and had no reasonable grounds for believing they were not violating the FLSA.

22.     Further evident that Defendants acted willingly and knowingly is evidenced by the issuance of two payroll checks wherein the Defendants paid Plaintiff for 66.50[2] hours and notated on one check that the pay was for truck rental and equipment when the Defendants knew they had never rented a truck or equipment from the plaintiff.

---

[1] See payroll checks clearly classifying work as truck rental and equipment, broken into two separate checks to avoid overtime compensation.
[2] See hand written time entries kept by co-worker "James" indicating work was at 66.50 hours.

## Count II –Payroll Fraud through Miscalculation of Employee

23.      Defendants payroll period begins on Friday and ends on Thursday with payroll checks issued on Friday for the prior week work.

24.      Defendants failed to pay Plaintiff his payroll check on Friday, September 6, 2013 for work performed August 30, 2013 through September 5, 2013, when he reported to work.

25.      Defendants ordered plaintiff and other workers to report to his home office on Friday, September 6, 2013 to travel to Alabama for work which was expected to take 3 days to complete. Plaintiff reported as scheduled expecting to receive his pay for the work week which ended on Thursday, September 5, 2013, Defendant King promised to write Plaintiff Lytle's check upon the return from Alabama.

26.      Upon the return from Alabama on September 7, 2013, Defendant did not present payment to Plaintiff for work performed from August 30, 2013 through September 5, 2013 or for the final two days spent working in Alabama consisting of September 6, 2013 and the final day of work September 7, 2013.

27.      On September 7, 2013 after plaintiff complained of needing a break due back pain coupled with the fact there had been no lunch break and it was approximately 7:30 p.m. after having worked over twenty-four hours in a two day period (September 6 through the evening of September 7, 2013), Defendant David King terminated Plaintiff's employment for allegedly complaining of back pain and working "too slow".

28.      Plaintiff was not paid for work week August 30, 2013 through September 5, 2013 or his final days September 6 – September 7, 2013.  Plaintiff requested his prior week pay along with his hours for September 6, 2013 –September 7, 2013.  Defendant David King informed plaintiff he was withholding his pay until Plaintiff completed a 1099. Plaintiff refused to accept a 1099 as

he was a regular employee and requested a W4 for correct reporting. Defendant King stated he was refusing to pay Plaintiff unless he agreed to a 1099.

29.     During the entire duration as an employee of Defendants, Plaintiff was not an independent contractor. Plaintiff did not perform any duties as an independent contractor for Defendants in fact Defendants provided transportation, tools and equipment and had complete control over every aspect of the work performed from scheduling to completion of the jobs as well as employee termination.

30.     Withholding pay in an attempt to coerce Plaintiff to agree to execute a 1099 is a deliberate attempt for Defendants continuance and furtherance of a crime to commit payroll fraud that not only violates FLSA it is a direct attempt to fraud taxing agencies and a denial of plaintiff his constitutional rights and benefits as an employee.

31.     The wages the company paid did not include the employer's share of Social Security payments, workers compensation, or unemployment insurance benefits paid to lawfully employed workers in the construction industry.

### COUNT III - Theft of Services

32.     Plaintiff Lytle performed services for King's Construction Company under the instruction and direction of David King.

33.     Defendants benefited from the work that Plaintiff Lytle performed and have failed and refused to pay his final wages from August 30, 2013 through September 7, 2013 for a total of 46.50 hours of regular pay and 26.50 hours of overtime pay.

34.     Plaintiff was damaged by Defendants because they failed to pay him resulting in Plaintiff being unable to meet his financial obligations which was directly caused by Defendants failure to pay his wages and overtime.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court :

a.        Require Defendants to pay Plaintiff damages for unpaid wages including overtime compensation calculated at one and one-half times the proper normal rate that Plaintiffs would have received but for Defendants' unlawful conduct ;

b.        Require Defendants to pay interest on the monies that are due and owing to Plaintiff at the highest allowed interest rate;

c.        Require Defendants to pay Plaintiff liquidated damages as provided for under the FLSA ;

d .       Issue a declaratory judgment that Defendants have engaged in unlawful employment practices in violation of the FLSA with respect to Plaintiff ;

e.        Award Plaintiff his reasonable fees and costs and expenses of suit arising from Defendants' violations under the FLSA;

f.        Require Defendants to properly pay employer share of withholding and social security for wages earned and report those wages properly with a W2.

f.        Provide such other and further relief as the Court may deem just and proper.

Respectfully submitted this 28th day of January, 2014.

Jason Lytle
Pro Se Plaintiff
87 Reed Clark Road
Dry Branch, GA 31020
Phone:  404-300-9000
Email:  jaydog12343@yahoo.com