IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 1 0 2015

JAMES N. HATTEN, CLERK
By: Brannon
Deputy Clerk

JASON LYTLE

    Plaintiff,

vs.

KING'S CONSTRUCTION COMPANY, INC. and
DAVID KING, individually

    Defendants.

:
:
:
:
:
:
:
:
:
:

**Civil Action Number:**

1: 14 - CV – 0288 SCJ G G A

## NOTICE OF AN IMPASSE OF SETTLEMENT NEGOTIATION AND PLACEMENT OF THIS MATTER BACK ON THE COURT'S ACTIVE DOCKET

Now Comes, Jason Lytle, ("Plaintiff "), notifying the Court that an Impasse in further settlement negotiations with Defendants have been declared.

Further discussions with Defendants would not be useful or meaningful.

Given the prolonged delay in reaching a finalized settlement the parties are deadlocked causing an Impasse.

Plaintiff requests that this Honorable Court place this matter back on the Court's Active Docket.

## HISTORY OF CASE AND FACTS OF IMPASSE

1.    Plaintiff  files this Notice of Impasse because further negotiations would not

49

be useful or meaningful and the parties are deadlocked on the terms of the settlement agreement.

2.  This action commenced on January 31, 2014 by filing the summons and complaint. A copy of the summons and complaint was served on all the defendants by personal service on February 25, 2014.

3.  The action was filed against David King, individually, and King's Construction Company. Leave was granted to remove the apostrophe of King's Construction to include a variation including Kings Construction Company without an apostrophe and the Amended Complaint is on file with this Court.

4.  At all times, David King, an individual, has been a party to this instant lawsuit as well as any d/b/a or variation of a company now identified as Kings Construction Company.

5.  The parties attended a Mediation Conference on January 21, 2015 and no settlement was reached and a Minute Order has been filed with the Court by the mediator.

6.  Efforts to settle the case continued after the voluntary mediation between the parties, commencing independently on February 7, 2015 resulting in a formal joint Notice of Settlement filed on February 11, 2015.

7. .  The joint Notice of Settlement stipulated that the terms of the settlement were pending and such negotiation would be concluded within <u>two weeks of the filing of the Notice</u>.

8.     Almost two (2) months after the stipulation, the parties cannot agree on the specific terms to finalize a settlement agreement, the parties are deadlocked and an impasse has been reached.

9.     The impasse is not related to an agreed monetary amount but the specific language within the agreement itself.

10.     The Plaintiff and the Defendants have diligently attempted to resolve the terminology to reach an amicable settlement that now results in a deadlock. At all times relevant, the Plaintiff and Defendant tried to bargain in good faith.  Each participated in meaningful discussions over bargaining proposals or offer counter-proposals.  Mutual concessions were exchanged by the parties and mutual compromises but some of the terms could not be agreed upon.

   A.     After multiple negotiations and communications with Defendants' attorney John Mays, on March 31, 2015, the Plaintiff <u>agreed</u> to the "Final Settlement Agreement" and via email with Defendant's counsel John Mays requested that Mr. Mays accept the changes that had been exchanged throughout the document and put in final format for the Defendants sign, with the understanding Plaintiff would review after the changes were

accepted and signed and returned the signed agreement to Defendants

counsel.

B.      On March 31, 2015 at approx. 11:21 p.m. Defendants counsel

emailed Plaintiff stating that after reviewing the agreement with Defendants,

the Defendants had rejected the terms. Identifying that the Defendants had

not realized or reviewed the earlier drafts of the Agreement before the

agreement became the final version.  Defendants then wanted go back to the

table on the language asking for counter-offers. Plaintiff having negotiated

as far as possible rejected further negotiations as this was already settled.

C.      Plaintiff perceives Defendants' proposed counteroffer as not

acceptable or in the best interest of the Plaintiff particularly since Plaintiff

had agreed to the "final version".

D.      Plaintiff does not believe that the Defendants are bargaining in good

faith to demand last minute changes on an Agreement that the Defendants

had ample opportunity to review and reject before the Plaintiff accepted the

"final version."

E.      Defendants have now breached their duty to bargain in good faith by

insisting on continued changes in the agreement take effect that Plaintiff

insist will result in unfair consequence, this has resulted in a true deadlock.

F.    Additionally, given the propensity of the Defendants to confuse their operating name in this instant case, Plaintiff insist that David King agree, individually, in addition to what d/b/a signs off on the agreement.  Whether it be King's with an apostrophe, an alleged legal corporation by the checks written, or a mistake of fact operating as Kings (without an apostrophe) that now allegedly operates as a D/B/A, the end result is Plaintiff is not protected without Defendant David King, <u>individually</u>, also signing the agreement as Defendant David King, individually is a named party of the agreement.

G.    Plaintiff sent a pdf format Agreement with the text in an email to Defendants' Attorney, John Mays, that stated "<u>this is what I will sign</u>", Defendants' attorney John Mays had the opportunity to suggest changes, in fact <u>made additional changes</u>, (those changes were incorporated into the agreement) resulting in what Plaintiff agreed to and perceived as a final agreement.

H.    Defendants then rescinded that same agreement stating that a certain clause in the agreement was not reviewed in the initial acceptance.  An offer to revise the specific clause was proposed that the Plaintiff rejected on the grounds it was unreasonable.  Having compromised on numerous issues and given the amount of time to finalize the terms, the rescinding of the final agreement lead to determination of Impasse and deadlock.

I.    Plaintiff did not contribute to this Impasse, if Defendants' and their attorney failed to review the entire document before sending a "final" version that Plaintiff agreed to clearly is not the fault of the Plaintiff, in fact it is clear evidence that the Defendants do not want to negotiate in good faith.

J.    Therefore, the first precondition for a true impasse has been met.

11.    The bargaining parties have discussed, proposed and negotiated, but have reached a deadlock over all significant issues necessary for mutual agreement over the matter in dispute.  As a result, the parties have bargained to a "deadlock". Therefore, a true impasse has been met.

A.    A deadlock has been reached when the language cannot be agreed upon after a prolonged period of time.

B.    After the Plaintiff agreed on terms of the Settlement Agreement on March 31, 2015, the Defendants then rejected the language of what was allegedly reviewed and submitted as the "final version" of the agreement.

C.    Upon the acceptance by Plaintiff and withdrawal of the Defendant it is not possible to reach an agreement.

12.    Continued meeting and negotiating would be futile, because "the

differences in positions are so substantial or negotiations have been **[so] prolonged**" that no voluntary agreement is possible. The parties negotiated, further bargaining would be

futile or that the parties cannot reconcile their differences through negotiations. Therefore, the third precondition for a true impasse has been met.

**A.** As identified throughout this has been a prolonged negotiation and the differences between the Plaintiff and Defendant are too significant to reach a finalize Settlement Agreement.

## CONCLUSION

All the elements of an Impasse have been met and the parties having prolonged negotiations a voluntary agreement is not possible. Because the parties cannot agree of a Final Settlement Agreement this matter should be placed back on the Court's Docket and proceed with Discovery and Trial Docket.

Dated April ___8___, 2015

_____

Jason Lytle
Pro Se Plaintiff
87 Reed Clark Road
Dry Branch, Georgia 31020
(404) 300-9000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JASON LYTLE,

      Plaintiff,

    v.

KINGS CONSTRUCTION
COMPANY and DAVID KING,

      Defendants.

CIVIL ACTION NO.

1:14-CV-00288- GGB

## **CERTIFICATION OF SERVICE**

This is to certify that Plaintiff placed the foregoing **NOTICE OF IMPASSE AND**

**MOTION TO PLACE CASE BACK ON COURT'S ACTIVE DOCKET in**

**the United States Mail postage prepaid to:**

> John L. Mays
> Mays & Kerr
> 235 Peachtree Street
> Tower 1, Suite 202
> Atlanta, Georgia 30303
> john@maysandkerr.com
> Attorney for Defendants

Dated April ____8____, 2015

                                           _Jason Lytle_
                                         Jason Lytle

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 10 2015

JAMES N. HATTEN, Clerk
By: *S. Brandon* Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JASON LYTLE,

        Plaintiff,

    v.

KING'S CONSTRUCTION
COMPANY, INC. and DAVID KING,

        Defendants.

CIVIL ACTION NO.

1:14-CV-00288-SCJ

## **PROPOSED ORDER**

Having considered Plaintiffs' Declaration of and Request to place this case

on the Court's Active Docket, it is hereby ORDERED this case will resume and a

Discovery and Scheduling Order will be issued by the Court. Any pending

Motions will be set on the Court's calendar for hearing.

IT IS SO ORDERED this the _____ day of April, 2015.

XXXXX

JASON Lytle
  87 Reed Clark Rd
Dry Branch  GA 31020

DRY BRANCH GA 3
APR 08 2015
USPS

Clerk  of  Court - Civil Division
Richard B Russell Fed Bldg + court
75 Spring Street SW
2211 US Courthouse
AtlANtA GA 30303-3361