# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JASON LYTLE,<br><br>           Plaintiff,<br><br>     v.<br><br>DAVID KING d/b/a KING'S CONSTRUCTION CO.,<br><br>           Defendant. | CIVIL ACTION NO.<br><br>1:14-CV-00288-GGB |

### RESPONSE TO PLAINTIFF'S MOTION TO EXTEND THE DISCOVERY PERIOD [51] AND PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT [52]

On February 11, 2015, the parties notified the Court that a tentative settlement had been reached in the above-styled action. (ECF No. 46.) After two months of negotiations, Plaintiff filed his *Notice of Impasse of Settlement Negotiation and Placement of This Matter Back on the Court's Active Docket* on April 10, 2015. (ECF No. 49.) Plaintiff now seeks to enforce a settlement agreement according to terms that he proposed, despite his acknowledgement that Defendant rejected those terms. (Pl.'s Mot. to Enforce 2, ECF No. 52.) Plaintiff's previous position – that the parties failed to reach an agreement (ECF No. 49) – belies his new contention that the parties had actually reached an enforceable agreement. Similarly, Plaintiff simultaneously filed his *Motion to Extend the*

1

*Discovery Period for an Additional 90 Days from Receipt of Issuance of Subpoenas* with his Motion to Enforce, casting additional doubt on the sincerity of Plaintiff's assertions. (ECF No. 51.)

Plaintiff's recent filings accomplish little more than to reveal his gamesmanship; put simply, Plaintiff seeks to achieve the outcome he desires by any means necessary. Meanwhile, Defendant must continue to respond to frivolous motions, answer amended pleadings, and conduct discovery while Plaintiff seeks to perpetuate this litigation indefinitely. Accordingly, Defendant respectfully requests that the Court deny Plaintiff's Motion to Extend the Discovery Period (ECF. No. 51) and Plaintiff's Motion to Enforce the Settlement Agreement (ECF No. 52).

**1.   RELEVANT BACKGROUND**

After filing their *Notice of Settlement*, the parties' attempts to draft a mutually acceptable settlement agreement were hamstrung by Plaintiff's repeated declarations of impasse, which began as early as February 23, 2015. (Feb. 23, 2015 Email from Pl. to Mays, Ex. 1.) Defendant made every attempt to keep Plaintiff at the table in order to work out their differences, and by early March, the remaining unresolved issues concerned the tax treatment of the settlement proceeds. Following a conference call during which the parties completed a comprehensive

review of their concerns, Defendant's counsel submitted a revised settlement agreement draft to Plaintiff on March 12, 2015. (March 12, 2015 Email to Pl. with Draft Attached, Ex. 2.)

Contrary to Plaintiff's characterizations of the settlement negotiations, Defendant's March 12 draft – and all prior drafts submitted by Defendant – contained no monetary penalty for default on the payment terms of the agreement. (*See, e.g.,* Ex. 2 *and* Feb. 17, 2015 Email to Pl. with Draft Attached, Ex. 3.) Rather, Defendant proposed that the case be administratively closed and terminated after full payment of the settlement proceeds with no additional monetary penalty for default. (*Ids.*) Plaintiff accepted this provision after reviewing the draft submitted by Defendant on March 12. (March 12, 2015 Email from Pl. to Mays, Ex. 4.) Nevertheless, in his motion, Plaintiff represents to the Court:

> The final revised version of the agreement submitted on March 12, 2015 contained all the provisions that Defendant was insisting on, included in that same document was a Default provision which stated there would be an additional Five Thousand Dollar add-on in the event of a default. That provision had been in the document approved and revised by the Defendants on numerous occasions.

(Pl.'s Mot. to Enforce 2, ECF No. 52.) This statement is clearly false. (*See, e.g.*, Exs. 2-3.)[1]

On March 21, 2015, Plaintiff sent a new draft of the agreement in a non-editable format with no indication of which sections had been modified. (March 21, 2015 Email from Pl. with Draft Attached, Ex. 5.) Because the parties had been working exclusively on the tax treatment of the proceeds since March 12, Defendant and his counsel did not perform a full and final review of the new draft agreement until the tax issues were resolved. Upon conducting a full review, Defendant detected changes to the section addressing default, which had not been in dispute since Defendant's March 12 draft. (Pl.'s Mot. to Enforce 2-3, ECF No. 52.) Despite Plaintiff's late and unannounced attempt to sneak unnecessarily punitive provisions into the agreement without discussing them with Defendant, Defendant responded in good faith, suggesting a reasonable modification to Plaintiff's proposal. (*Id.*) Plaintiff refused to continue negotiating the terms and filed the notice of impasse. (ECF No. 49.)

---

[1] Defendant is currently preparing a notice to Plaintiff of Defendant's forthcoming Rule 11 Motion with respect to Plaintiff's misrepresentations to this Court, should they remain uncorrected.

## 2. ARGUMENT

### 2.1. Plaintiff's Motion to Enforce Is Meritless

"Under Georgia law, an agreement alleged to be in settlement and compromise of a pending lawsuit must meet the same requisites of formation and enforceability as any other contract." *Blum v. Morgan Guar. Trust Co. of New York*, 709 F.2d 1463, 1467 (11th Cir.1983). "Under Georgia law, a contract is enforceable if there is (a) a definite offer and (b) complete acceptance (c) for consideration." *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008). "First, there must be a meeting of the minds between the parties concerning all of the essential terms of the agreement." *Blum*, 709 F.2d at 1467. It is clear from Plaintiff's own motions and the documents submitted in support of his motions that there was never a complete acceptance by Defendant of the agreement proposed by Plaintiff on March 21. (Pl.'s Mot. to Enforce 2-3, ECF No. 52.) There was no meeting of the minds concerning the default provision, which was a material term; indeed, Plaintiff discontinued the settlement negotiations when Defendant refused to accept Plaintiff's default penalty provision. Further, as Plaintiff notes in his motion, Defendant made a counteroffer, which functioned as a rejection of Plaintiff's offer, and Defendant's counteroffer was subsequently rejected by Plaintiff. (Pl.'s Mot. to Enforce 2-3, ECF No. 52.) It is axiomatic in contract law

that a counteroffer is a rejection of the original offer. *See APAC-Se., Inc. v. Coastal Caisson Corp.*, 514 F. Supp. 2d 1373, 1379 (N.D. Ga. 2007) ("Unless the acceptance is unconditional and without variance from the offer it is of no legal effect as an acceptance and operates as a rejection and a counteroffer.") (*citing Peerless Cas. Co. v. Hous. Auth. of Hazelhurst*, 228 F.2d 376, 379 (5th Cir. 1955)). Because Plaintiff cannot show the formation of a valid contract under Georgia law, his motion is due to be denied.

### 2.2. Plaintiff's Motion to Extend Discovery for 90 Days Is Unnecessary

Plaintiff's request for an additional 90 days of discovery is both excessive and at odds with his position that this case has settled. Plaintiff's only identifiable goal is to pressure Defendant into accepting unreasonable settlement terms by driving up the costs of defense. This Court has already addressed Plaintiff's request that subpoenas be issued to the IRS by directing the production of Defendant's tax records. (ECF No. 40.) Despite Plaintiff's insistence to the contrary, including a motion for contempt, Defendant complied with the Court's Order. (ECF No. 50.) Accordingly, there is no basis for the issuance of the subpoenas; nor is there any basis for a 90-day extension. Should the Court determine that the parties require additional time for discovery, Defendant submits that a 30-day extension of the

6

discovery period would be more than sufficient to conduct the discovery needed to prepare this case for trial.

### 3. CONCLUSION

For the reasons set forth in this Response, Defendant respectfully requests that Plaintiff's Motions (ECF Nos. 51 and 52) be denied.

Respectfully submitted: June 15, 2015.

|  |  |
|---|---|
|  | s/ John L. Mays |
| MAYS & KERR LLC | John L. Mays, Esq. |
| 235 Peachtree Street NE | Georgia Bar No. 986574 |
| North Tower | Suite 202 |  |
| Atlanta, Georgia 30303 |  |
| Telephone: (404) 410-7998 |  |
| Facsimile: (404) 855-4066 |  |
| john@maysandkerr.com | Counsel for Defendant |

### CERTIFICATE OF SERVICE

I certify that on June 15, 2015, I filed the foregoing *Response to Plaintiff's Motion to Extend The Discovery Period [51] and Plaintiff's Motion to Enforce Settlement Agreement [52]* with the Clerk of Court using the CM/ECF system and sent a copy of the same via U.S. Mail to Plaintiff Jason Lytle, a non-CM/ECF participant, at 87 Reed Clark Road, Dry Branch Georgia 31020.

s/John L. Mays